UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERICK TURNER,

                              Plaintiff,                          **REPORT AND**
                                                                  **RECOMMENDATION**

               v.
                                                                  23-CV-1432
KEVIN DESORMEAU,                                                  (Amon, J.)
                                                                  (Marutollo, M.J.)
                              Defendant.
-------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On October 30, 2023, Plaintiff filed this civil rights action against defendants City of New York, Kevin Desormeau, and John and/or Jane Doe Police Officers 1-10, seeking damages for alleged violations of Plaintiff's state and federal constitutional rights stemming from Plaintiff's alleged wrongful conviction. *See generally* Dkt. No. 1. On June 21, 2024, the Court so-ordered a stipulation and order of dismissal of Plaintiff's claims against the City of New York. *See* Dkt. No. 36.

Currently pending before this Court, on a referral from the Honorable Carol Bagley Amon, United States District Judge, is Plaintiff's motion for default judgment against the sole remaining named defendant in this action, Mr. Desormeau ("Defendant"). *See* Dkt. No. 38; *see also* August 15, 2024 Text Order. For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion for default judgment against Defendant be denied, without prejudice to renew.

I.    **Background**

     A.    **Factual Allegations**

The following facts are taken from the complaint (Dkt. No. 1); Plaintiff's request for a certificate of default (Dkt. No. 35); and Plaintiff's motions for default judgment and the attachments thereto filed in support of Plaintiff's motion (Dkt. Nos. 38-46). The facts are assumed

to be true for the purposes of this motion. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (in light of defendant's default, a court is required to accept all of plaintiff's factual allegations as true and draw all reasonable inferences in plaintiff's favor); *BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704, at *1 (E.D.N.Y. Dec. 22, 2023), *report and recommendation adopted*, Text Order (E.D.N.Y. Jan. 9, 2024).

Plaintiff was arrested by Defendant on October 20, 2010, at approximately 9:30 p.m. near his home at 129-13 135 Place in Queens, New York. Dkt. No. 1 ¶ 24. The next day, Defendant allegedly swore out a criminal court complaint, initiating a prosecution against Plaintiff for two counts of criminal possession of a firearm in the second degree under New York State Penal Law §§ 265.03(1) and (3). *Id.* The criminal court complaint states, among other things, that during an encounter with Defendant, Plaintiff "appeared as if he was hiding something in his pocket, ran away when a pat down was attempted, and then discarded a vest which contained a loaded .22 caliber semi-automatic pistol." *Id.* ¶ 25.

Plaintiff, however, asserts that the criminal complaint was false. Plaintiff claims that Defendant, along with unidentified officers, "lied to prosecutors about the encounter with [Plaintiff], saying that it gave rise to a stop, pursuit, and search, and falsely claiming that [Plaintiff] possessed a gun when he did not." *Id.* ¶ 27. Plaintiff claims that Defendant "memorialized these lies in police reports." *Id.*

The Queens County District Attorney's Office prosecuted Plaintiff in connection with Defendant's arrest. *Id.* ¶ 28. Bail was set at $25,000 bond, or $15,000 cash—neither of which Plaintiff could allegedly afford, thus resulting in his pre-trial confinement. *Id.* ¶ 29. On December 13, 2010, a grand jury indicted Plaintiff. *Id.* ¶ 30.

According to Plaintiff, Defendant's falsehoods resulted in the denial of Plaintiff's motions to inspect the grand jury minutes, to dismiss the indictment, and to suppress the physical evidence of the firearm, which added to the pressure on Plaintiff to consider a guilty plea. *Id.* ¶¶ 33-34, 36-37. Under this purported pressure and despite his innocence, Plaintiff waived his right to a suppression hearing and trial and "plead[ed] guilty [] on April 4, 2012 [] to criminal possession of a weapon in the second degree." *Id.* ¶¶ 39-40.

On June 14, 2012, Plaintiff was sentenced to three and a half years of incarceration. *Id.* ¶ 41. Before being released, Plaintiff had served "approximately 20 months at Rikers Island and 18 months in state prison." *Id.* ¶ 42.

In October 2013, Plaintiff was granted parole and was released from incarceration. *Id.* ¶ 46. In 2016, Plaintiff was arrested for attempted criminal possession of a weapon and pled guilty. *Id.* ¶ 48. But, according to Plaintiff, because he "had a prior felony conviction, he was sentenced to 3½ to 7 years in prison and served 4 years and 10 months of that sentence." *Id.*

Plaintiff adds that Defendant's actions eventually came under scrutiny, and he was fired from the NYPD and criminally prosecuted for fabricating evidence and committing perjury. *Id.* ¶¶ 51, 52.

In 2021, the Queens County District Attorney's Office "spearheaded the dismissal of 60 cases, half of which related to work by [Defendant]." *Id.* ¶ 53. The majority of the vacated cases concerned "observed crimes, drugs transactions, searches and seizures of drugs, weapons and other contraband." *Id.* Defendant had "repeatedly lied to prosecutors and the court" concerning cases in which he served as a principal witness. *Id.* ¶ 54.

On November 8, 2021, the Queens County Supreme Court granted the Queens County District Attorney's Office and Plaintiff's joint application and dismissed the case. *Id.* ¶ 57.

3

## B.    Procedural History

On February 23, 2023, Plaintiff filed the complaint in this action, asserting claims under 42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution against, *inter alia*, Defendant (*Id.* ¶¶ 59-64); claims under 42 U.S.C. § 1983 for violations of the right to a fair trial and due process of law under the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution against, *inter alia*, Defendant (*Id.* ¶¶ 65-78); claims under 42 U.S.C. § 1983 for violation of the right against unreasonable search and seizure under the Fourth Amendment and violations of due process of law under the Fifth and Fourteenth Amendments of the U.S. Constitution against, *inter alia*, Defendant (*Id.* ¶¶ 79-84); claims under 42 U.S.C. § 1983 for failure to intervene and conspiracy against, *inter alia*, Defendant (*Id.* ¶¶ 85-91); claims under the New York State Constitution for violation of the right to due process and freedom from unreasonable and unlawful search and seizure against, *inter alia,* Defendant (*Id.* ¶¶ 92-95); as well as a claim, brought pursuant to 42 U.S.C. § 1983, asserting *Monell* municipal liability against the City of New York (*Id.* ¶¶ 96-150).

On May 10, 2023, then-U.S. Magistrate Judge Ramon E. Reyes, Jr., held a telephone conference among the parties and granted Plaintiff an extension until June 22, 2023 to serve Defendant. *See* May 10, 2023 Text Order.  On June 12, 2023, Plaintiff filed an affidavit of service, indicating that Defendant was served with process.  *See* Dkt. No. 12.  The process server unsuccessfully attempted to personally serve Defendant at his last known residence at 30 20th Avenue, Bay Shore, New York 11706 on May 24, 2023 at 9:03 a.m., on May 27, 2023 at 10:04 a.m., and on June 8, 2023 at 6:05 p.m., respectively; he did, however, affix the summons and verified complaint to Defendant's door on June 8, 2023.  *Id.*  Process was concurrently mailed to Defendant's address the same day.  *Id.*

4

On June 21, 2023, the Court granted the City of New York's motion for a pre-motion conference to move to dismiss Plaintiff's complaint. *See* June 21, 2023 Text Order. On July 12, 2024, the Court held such pre-motion conference, and set the briefing schedule. *See* July 12, 2023 Text Order. Briefing on the motion to dismiss closed on November 13, 2023, and oral argument was held on January 9, 2024. *See* Dkt. No. 27; January 10, 2024 Text Order.

On February 14, 2024, the Court scheduled a settlement conference between Plaintiff and Defendant City of New York. *See* February 14, 2024 Text Order. Settlement conferences were held on May 3, 2024 and May 20, 2024, respectively, after which a settlement in principle was reached between Plaintiff and Defendant City of New York. *See* May 3, 2024, May 20, 2024 Text Orders. Defendant did not appear at any of the settlement conferences (or at any conference in this matter). On May 24, 2024, Plaintiff and Defendant City of New York filed an executed stipulation of dismissal, with prejudice. *See* Dkt. 32.

On June 17, 2024, the Court directed Plaintiff to file a copy of the settlement agreement between the parties, and by June 20, 2024, "file a letter clarifying whether he intends to proceed with his claims against Defendant, who has not appeared in this action or responded to the complaint." *See* June 17, 2024 Text Order.

On June 20, 2024, Plaintiff filed a letter indicating that he would seek a default judgment against Defendant and requested the Clerk of Court issue a certificate of default. *See* Dkt. Nos. 34, 35. Plaintiff also filed a copy of his settlement agreement with Defendant City of New York. *See* Dkt. No. 33 at 3-6.[1] On June 21, 2024, the Court entered the stipulation of dismissal between Plaintiff and Defendant City of New York. *See* Dkt. No. 36.

---

[1] Page citations are to the ECF-stamped pages.

On June 28, 2024, the Clerk of Court issued a certificate of default pursuant to Fed. R. Civ.

P. 55(a). *See* Dkt. No. 37. The same day, the Court ordered Plaintiff to file a motion for default

judgment against Defendant by August 15, 2024. *See* June 28, 2024 Text Order.

On August 15, 2024, Plaintiff filed his motion for default judgment, including a supporting

affirmation, a proposed order, and an affidavit by counsel attesting to service of process. *See* Dkt.

No. 39.

On October 7, 2024, the Court ordered the below:

> [P]laintiff's motion is deficient in several respects. First, the motion does not
> include a memorandum of law in violation of Local Civil Rule 7.1. Second, the
> motion violates Local Civil Rule 55.2(a)(3), which requires the party seeking a
> default judgment to file a "certificate of service stating that all documents in support
> of the request for default judgment, including the 'Clerk's Certificate of Default'
> and any papers required by this rule, have been personally served on, or mailed to
> the last known residence (for an individual defendant) or business address (for other
> defendants) of, the party against whom default judgment is sought." While the
> motion includes a certificate of service (Dkt. No. 39-2), there is no indication that
> Defendant Desormeau was served with the Certificate of Default. Third, the
> amounts in the proposed judgment are blank, and the motion does not otherwise set
> forth the amount of damages that Plaintiff is requesting. Finally, Plaintiff has not
> established compliance with the Servicemembers Civil Relief Act ("SCRA"),
> which requires a plaintiff seeking a default judgment to "file with the court an
> affidavit stating whether or not the defendant is in military service and showing
> necessary facts to support the affidavit." 50 U.S.C. § 3931. A movant can ensure
> compliance with the SCRA by, for instance, "obtain[ing] a report certifying active-
> duty military status through the Servicemembers Civil Relief Act website."
> *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD) (RER), 2023 WL
> 375647, at *5 (E.D.N.Y. Jan. 3, 2023), *report and recommendation adopted*, 2023
> WL 375642 (E.D.N.Y. Jan. 24, 2023) (citing https://scra.dmdc.osd.mil/scra).
>
> By October 21, 2024, Plaintiff shall file a supplemental motion for default judgment
> that addresses these deficiencies and complies with all other applicable rules. In
> addition, to the extent Plaintiff is seeking attorneys' fees or costs, Plaintiff shall
> provide appropriate backup documentation for such requests. Plaintiff shall serve
> his supplemental motion on Defendant Desormeau at his last known residence and
> file proof of service by October 22, 2024. The Court will not extend these deadlines.

*See* October 7, 2024 Text Order.

On October 21, 2024, Plaintiff filed a "Request for Sum Certain Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1)," including a supporting certification from counsel, the certificate of default issued by the Clerk of Court, an executed declaration of facts from Plaintiff, two spreadsheets purporting to be tabulations of hours billed and expenses for this action, a proposed order, and a memorandum of law.  *See* Dkt. Nos. 40-43.  Plaintiff, however, did not submit evidence demonstrating compliance with the SCRA; instead, he requested a that the Court so-order a subpoena to the New York City Police Pension Fund for information about Defendant "that is essential to effectively utilize the [SCRA] website to obtain proof or lack thereof of active duty." *See* Dkt. No. 43 at 6, Dkt. No. 44.  Plaintiff filed a certificate of service of the default motion and attachments thereto on October 22, 2024.  *See* Dkt. No. 45.

On October 22, 2024, the Court denied Plaintiff's request for a so-ordered subpoena to the New York City Pension fund, ordering the below:

> [P]laintiff has not set forth any facts to establish that he has exhausted other alternative means to obtain the information sought regarding Defendant Desormeau's social security number and date of birth.  As an initial matter, the Court notes that the User Guide posted on the [SCRA] website states the following regarding whether a social security number is needed to obtain a SCRA certificate: "SSN is NOT required.  Unless you are a financial institution or otherwise required to collect SSNs, you should not require individuals to provide you with their SSN for the purpose of conducting a query on this website.  Searches can be conducted using Name and Date of Birth alone.  Providing additional details such as First Name, Middle Name, or SSN, if already known, will increase the accuracy of the match."  *See* User Guide at 21.  With respect to Defendant Desormeau's date of birth, Plaintiff is ORDERED to explore alternative avenues for obtaining this information, including contacting the City of New York or performing a public records search.  Plaintiff shall file a letter regarding the status of obtaining this information by October 31, 2024.

October 22, 2024 Text Order.

On October 23, 2024, the Court further noted that it would not grant Plaintiff's Request for a Sum Certain Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1) at that time, because Local

Civil Rule 55.2(b) states that a Sum Certain Default Judgment cannot seek attorneys' fees and other substantive relief. *See* October 23, 2024 Text Order.

On October 29, 2024, Plaintiff filed another "Request for Sum Certain Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1)," attaching a supporting declaration, a certificate of default, evidence concerning Defendant's potential military service, in compliance with SCRA, a proposed order, and a certificate of service of the motion and attachments thereto on Defendant. *See* Dkt. No. 46. Plaintiff also removed his request for attorney's fees. *See* Dkt. No. 47.

On November 17, 2024, the Court ordered the following:

> By 5:00 p.m. on November 19, 2024, Plaintiff shall supplement his motion for default judgment [] as follows: [] (1) Plaintiff shall provide the grounds by which Plaintiff has identified Kevin Desormeau's last known address as 30 20th Avenue, Bay Shore, NY 11706. See Dkt. Nos. 12 and [39-2]. Plaintiff shall also indicate whether the summons, complaint, and Plaintiff's motion for default judgment have been served on Mr. Desormeau at this address. [] (2) Plaintiff seeks attorneys' fees in connection with his motion for default judgment against Mr. Desormeau. [] Plaintiff's billing records, however, do not distinguish between hours billed for work related to Mr. Desormeau and hours billed for work related to co-defendant City of New York. "An attorney is not entitled to fees arising from claims against other unrelated defendants." *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11-CV-5980 (RA) (JLC), 2013 WL 5977440, at *15 (S.D.N.Y. Nov. 12, 2013), report and recommendation adopted, 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014); *see also Duan v. Studio M. Bar & Lounge Inc.*, No. 20-CV-2240 (RPK) (JRC), 2024 WL 4250262, at *16 (E.D.N.Y. Jan. 31, 2024) (noting that counsel failed to exclude non-defaulting defendants from the attorneys' fee award request). Plaintiff shall specify, with citations to billing records, what work was done in connection with the allegedly defaulting defendant versus what work was done for the [] non-defaulting defendant.

> Plaintiff shall serve a copy of its supplemental filing on Mr. Desormeau by 5:00 p.m. on November 19, 2024. In addition to mailing the filing to Mr. Desormeau's last known address, Plaintiff shall also serve a copy of this Order on Mr. Desormeau via email, at k.desormeau21@gmail.com, which is the email address that Mr. Desormeau has entered in a parallel case, *Parkinson v. Desormeau*, 22-cv-851 (LDH) (LB) (E.D.N.Y.) ("*Parkinson*"), where Mr. Desormeau has appeared. Plaintiff shall also serve a copy of its filing and this Court's order on Mr. Desormeau's current attorneys in *Parkinson* - Ali R. Jaffrey [] and Zachary Meyer [] via email.

*See* November 17, 2024 Text Order.

On November 19, 2024, Plaintiff filed a letter alleging compliance with the Court's November 17, 2024 Text Order, including Plaintiff's withdrawal of a request for attorney's fees, and service of the motion papers, attachments thereto, and docket sheet on Desormeau and his attorneys in the parallel *Parkinson* case.  *See* Dkt. No. 48.

On December 19, 2024, the Court ordered Ali R. Jaffery and Zachary Meyer, attorneys at the law firm of Sutton Sachs Meyer PLLC, who had appeared on Defendant's behalf in the parallel *Parkinson* case, to file a letter indicating whether they also intended to represent Defendant in this action.  *See* December 19, 2024 Text Order.  In response, Jaffery filed a letter "submitted solely in response to an Order of the Court and [] not be construed as an appearance [] for Mr. Desormeau," stating that Sutton Sachs Meyer PLLC had not been so retained to represent Defendant.  *See* Dkt. No. 49.

## II.    <u>Standard for Default Judgment</u>

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment."  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)).  "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment."  *Id.* (citing Fed. R. Civ. P. 55(b)(1)).

At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).  To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages.  *Greyhound Exhibitgroup*, *Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).  A plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability.  *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)).  A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established."  *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).

The Court may also "consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010). "Courts have significant discretion in granting default judgments and consider the following factors: (1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Canon U.S.A., Inc. v. Sysorex Gov't Servs., Inc.*, No. 23-CV-8001 (DLI) (LGD), 2024 WL 1914347, at *3 (E.D.N.Y. May 1, 2024) (internal citations omitted); *see also Enron Oil Corp.*, 10 F.3d at 96; *Franco*, 2010 WL 3780972, at *2 (listing factors).

## III.   <u>Jurisdiction and Venue</u>

The Court "must satisfy itself that it has subject matter and personal jurisdiction before rendering judgment against defendants." *Dumolo v. Dumolo*, No. 17-CV-7294 (KAM) (CLP), 2019 WL 1367751, at *4 (E.D.N.Y. Mar. 26, 2019); *see Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").

### A.     **Subject Matter Jurisdiction**

Plaintiff brings this action pursuant to, *inter alia*, 42 U.S.C. §§ 1983 and 1988 for violations of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. *See* Dkt. No. 1 ¶ 8. These federal claims, brought against Defendant at times when he was acting under color of state law, are sufficient to demonstrate subject matter jurisdiction here. *See, e.g., Booker v. Dept of Soc. Servs.*, No. 23-CV-04888 (NCM) (ARL), 2024 WL

11

5057650, at *1 (E.D.N.Y. Dec. 10, 2024) (noting that a claim arose "under 42 U.S.C. § 1983, and therefore finding federal subject matter jurisdiction over those claims.").

Accordingly, this Court respectfully recommends a finding that the Court has subject matter jurisdiction over Plaintiff's claims.

**B.    Personal Jurisdiction**

"A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *BASF Corp.*, 2023 WL 8853704, at *5 (internal quotation marks and citation omitted); *Nat'l Cas. Co. v. Runway Towing Corp.,* No. 19-CV-5091 (DG) (CLP), 2021 WL 5310857, at *2 (E.D.N.Y. Oct. 19, 2021), *report and recommendation adopted*, 2021 WL 5304055 (E.D.N.Y. Nov. 15, 2021) ("A default judgment may not be granted 'if the defendant has not been effectively served with process.'") (quoting *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014)).  Plaintiff has the burden of showing adequate service.  *Nat'l Cas. Co.*, 2021 WL 5310857, at *2.

Indeed, "[e]ven where the Clerk of the Court has entered the defendant's default, [the] court may appropriately review the adequacy of service before entering a default judgment." *Prescription Containers, Inc. v. Cabiles*, No. 12-CV-4805 (CBA) (VMS), 2014 WL 1236919, at *5 (E.D.N.Y. Feb. 14, 2014) (quotations and citation omitted), *report and recommendation adopted*, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014).

New York state law permits service to be made by "delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons . . . to the person to be served at his or her actual place of business" or to the person's last known residence.  C.P.L.R. § 308(2).  Alternatively, where service cannot

be made with due diligence to either the person to be served, individually, or a person of suitable age and discretion at the actual place of business, dwelling place, or usual abode of the person to be served, New York state law also permits "nail and mail" service, which entails "affixing the summons to the door of [] the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." C.P.L.R. § 308(4).

Here, Plaintiff attempted to personally serve the summons and complaint on Defendant at 30 20th Avenue, Bay Shore, New York 11706 on Wednesday, May 24, 2023 at 9:03 a.m.; on Sunday, May 27, 2023 at 10:04 a.m.; and on Thursday, June 8, 2023 at 6:05 p.m. *See* Dkt. No. 12. On June 8, 2023, Plaintiff affixed the summons and complaint on the door of Defendant's address, and mailed a copy of the same via USPS regular first class mail to Defendant's address, in a postpaid sealed wrapper marked personal and confidential, but not indicating on the outside that the communication was from an attorney, in compliance with C.P.L.P § 308(4). *Id.*

Thus, by attempting multiple times to personally serve Defendant at his last known address, Plaintiff exercised due diligence and was entitled to avail himself of "nail and mail" service under C.P.L.R. 308(4). *See Allstate Ins. Co. v. Rozenberg* 771 F.Supp.2d 254, 262 (E.D.N.Y. 2011) (noting due diligence under C.P.L.R. 308(4) can be satisfied when there are quality attempts at delivery that include times in which it is likely that the person to be served would be available, including weekday evenings and weekend mornings). Moreover, "[a] properly executed affidavit, like the one executed in this case, 'is *prima facie* evidence of proper service.'" *Nat'l Cas. Co.*, 2021 WL 5310857, at *2-3 (quoting *San Lim v. MTA Bus Co.*, 190 A.D.3d 493, 493 (1st Dep't 2021)).

Thus, this Court respectfully recommends a finding that service on Defendant was proper in this case.

### C.    Venue

"A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  Here, Plaintiff alleges that substantial parts of the events or omissions giving rise to the claims occurred in the Eastern District of New York, as Plaintiff was arrested near his home in Queens, New York.  *See* Dkt. No. 1 ¶¶ 10, 24.

Accordingly, this Court respectfully recommends that venue is proper in this district under 28 U.S.C. § 1391(b)(2).

### IV.    Procedural Compliance with Local Rules 7.1 and 55.2[2]

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."  *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)).  "[L]ocal rules have the

---

[2] As relevant for this motion, the applicable Local Rules of the United States District Court for the Southern and Eastern Districts of New York are those rules updated on July 1, 2024.  As set forth in the July 1, 2024 Local Rule 1.1, "[t]hese Local Civil Rules take effect on July 1, 2024 [] and govern actions pending or filed on or after that date.  For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on June 30, 2024 will govern."  Thus, given the timing of the filing of the motion for default judgment on August 15, 2024, the July 1, 2024 Local Rules are applicable here.  The Local Rules dated January 2, 2025 are not applicable here, per its Local Civil Rule 1.1 ("These Local Civil Rules take effect on January 2, 2025 [] and govern actions pending or filed on or after that date. For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on January 1, 2025 will govern").  The Court notes that any renewed motion for default judgment would be governed by the current Local Rules applicable at the time of filing.

force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." *Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (internal quotations and citation omitted).

## A.     Entry of Default

The Court respectfully recommends a finding that the Clerk of Court properly issued a certificate of default as to Defendant.  Defendant was served on June 8, 2023.  Dkt. No. 12. Defendant was required to answer, move, or otherwise respond to the Complaint by June 29, 2023. When Defendant failed to do so, and following additional litigation with the City of New York, Plaintiff filed a request for an Entry of Default pursuant to Local Civil Rule 55.1.  Dkt. No. 35; L. Civ. R. 55.1.  The Clerk of Court entered default as to Defendant on June 28, 2024.  Dkt. No. 37.

Accordingly, the Clerk's entry of a certificate of default as to Defendant was appropriate.

## B.     Local Civil Rule 7.1

Local Civil Rule 7.1 requires that a plaintiff attach to a motion for default (1) a notice of motion specifying the applicable rules or statutes pursuant to which the motion is brought, (2) a memorandum of law setting forth the cases and other authorities relied upon in support of the motion, and (3) supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion.  *See* L. Civ. R. 7.1.  Plaintiff filed a notice of motion (Dkt. No. 38) and affidavits and exhibits (Dkt. Nos. 39, 41) in support of the motion.

After the Court entered an order alerting Plaintiff to his omission of a memorandum of law, Plaintiff filed duplicate memoranda of law on the docket.  *See* Dkt. Nos. 42, 43.  But neither memorandum of law sufficiently complies with Local Civil Rule 7.1, which must set forth "the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." *See* L. Civ. R. 7.1.

15

Despite Plaintiff raising five separate causes of action against Defendant, Plaintiff's liability section of his memorandum of law amounts to, effectively, a single page describing Defendant's termination from the NYPD. *See* Dkt. No. 42, 43 at 6-7. Plaintiff cites no case law and does not even explicitly reference the causes of action to which he seeks to hold Defendant liable. Instead, Plaintiff makes a conclusory allegation that Defendant is liable for "wrongful conviction and consequential damages." *Id.* at 6.

"Plaintiff's failure to submit a motion that addresses each issue to be determined is sufficient in and of itself to warrant denial of the motion for default judgment." *Falls Lake Nat'l Ins. Co. v. DNA Plumbing Contractors, Inc.*, No. 20-CV-2798 (RJD) (RER), 2021 WL 3518279, at *5 (E.D.N.Y. May 4, 2021*), report and recommendation adopted*, 2021 WL 2702571 (E.D.N.Y. July 1, 2021); *see also Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (denying motion for default judgment where memorandum of law failed to comply with Local Civil Rule 7.1 and contained "no discussion of liability based on the Complaint."); *Colledge v. Steelstone Grp., LLC*, No. 22-CV-2873 (EK) (RER), 2023 WL 5152300, at *4 (E.D.N.Y. June 16, 2023), *report and recommendation adopted*, 2023 WL 5759191 (E.D.N.Y. Sept. 5, 2023) ("The omission of a memorandum of law that adheres to the requirements of Rule 7.1 is sufficient to warrant denial of a motion for default judgment"); *Woo Hee Cho v. Oquendo*, No. 16-CV-4811 (MKB) (CLP), 2018 WL 9945701, at *1 n.2 (E.D.N.Y. Aug. 25, 2018) (denying a motion for default judgment on grounds that plaintiff violated Rule 7.1 by failing to file a memorandum of law); *1077 Madison St., LLC v. New York State Dep't of Tax'n & Fin.*, No. 19-CV-954 (NGG) (CLP), 2020 WL 249006, at *1 (E.D.N.Y. Jan. 16, 2020) (After reviewing Plaintiff's complaint and the papers submitted in support of the instant motion, [the Court] concluded that Plaintiff has not sufficiently established liability to

16

warrant entry of a default judgment for damages because the memorandum of law Plaintiff submitted in support of the motion failed to comply with Local Civil Rule 7.1(a)(2)'s requirement that movants submit "[a] memorandum of law setting forth the cases and other authorities relied upon in support of the motion.") (internal citations omitted)).

On a motion for default judgment, courts accept the well-pleaded allegations of the complaint as to liability but must ascertain whether liability has been established as a matter of law. *See Finkel*, F.3d at 84. Here, "by failing to provide a proper memorandum of law, Plaintiff has furnished the Court with no basis for finding liability." *Pompey*, 2017 WL 1102772, at *4 (citing *Radisson Hotels International, Inc. v. Radisson Cars & Limo, Inc.*, No. CV 14-5927 (ADS)(GRB), 2016 WL 1068684 at *2 (E.D.N.Y. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1069075 (E.D.N.Y. Mar. 17, 2016)).

Accordingly, Plaintiff's failure to file a memorandum of law that sufficiently addresses whether his allegations establish liability warrants denial of Plaintiff's motion for default judgment, without prejudice to renewal.

### C.    Local Civil Rule 55.2

Additionally, Local Civil Rule 55.2(a) requires that a plaintiff attach to any motion for default judgment an affidavit or declaration showing that the clerk has entered a Certificate of Default, that the movant has complied with the SCRA, and that the defaulting party is not known to be a minor or an incompetent person. *See* L. Civ. R. 55.2(a)(1)(A)-(C). Moreover, a party moving for default judgment must file all papers required by Local Civil Rule 7.1, *see supra*, including a memorandum of law, a proposed order detailing the proposed judgment to be entered, and a certificate of service indicating that all documents in support of the request for default

judgment, including the Certificate of Default, have been personally served on or mailed to the last known residence of a natural person party in default.  *See* L. Civ. R. 55.2(a)(2), (3).

Here, Plaintiff appears to have partially complied with the requirements of Local Civil Rule 55.2(a).  Namely, on October 29, 2024, Plaintiff attached a declaration of his counsel showing that the clerk had entered a Certificate of Default for Defendant, and attaching with it the Certificate of Default.  *See* Dkt. Nos. 46-1 at 2, 46-2.  Plaintiff also filed evidence of his compliance with the SCRA.  *See* Dkt. No. 46-3.  Moreover, Plaintiff incorporated into his October 29, 2024 filing his October 21, 2024 filing, which contains his memorandum of law, and a certification that states that Defendant is not known to be an infant or incompetent.  *See* Dkt. Nos. 46-1, 41 at 2, 43 at 6.

Additionally, Plaintiff attaches to his October 29, 2024 filing a proposed order detailing the proposed judgment to be entered, *see* Dkt. No. 46-4, and a certificate of service indicating that all documents in support of the request for default judgment, including the Certificate of Default, have been personally served on or mailed to the last known residence of a natural person party in default, *see* Dkt. No. 46-5 (noting service by regular mail to Defendant's "last known address at 30 20th Avenue, Bay Shore, NY 11706, a copy of the Second Supplemental Motion for Default Judgment, and all supporting papers, Notice of Motion, Second Certification in Support, Exhibits, Certificate of Default issued by the Court, and a Second Proposed Order.").

Like Federal Rule of Civil Procedure 55, Local Rule 55.2 denotes the difference between default judgments for a sum certain, which the clerk of court can enter, and default judgment for which damages calculation necessitates the court's involvement.  *See* L. Civ. R. 55.2(b), (c).

Despite filing on the docket multiple times in reference to a "Sum Certain Default Judgment," *see* Dkt. Nos. 40-43, 45, 46, Plaintiff has acknowledged that the damages in this case "cannot be calculated in sum certain," and that the involvement of the Court as to damages

calculation is necessary. *See* Dkt. No. 42 at 4. To assist the Court in evaluating damages, Local Rule 55.2(c) requires parties moving for default judgment to "file a statement of damages, sworn or affirmed to by one or more people with personal knowledge, [] showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." L. Civ. R. 55(c). Plaintiff did not submit such a statement of damages and thus did not comply with Local Rule 55.2(c). *See Hicksville Water District v. Jerry Spiegel Associates, Inc.*, No. 19-CV-6070 (PKC) (RML), 2024 WL 4043682, at *2 (E.D.N.Y. Sept. 4, 2024) (denying motion for a default judgment where the plaintiff failed to file sworn statement of damages as required by Local Civil Rule 55.2(c)). Additionally, the statement of damages must contain more than a perfunctory list of costs, devoid of documentation supporting such amounts. *Id.; see also Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG) (SJB), 2023 WL 5266343, at *6 (E.D.N.Y. Aug. 4, 2023) (denying motion for default judgment where the statement of damages was not adequately substantiated).

"As harsh at it may seem," courts in this district "have repeatedly" denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule 55.2. *Lugo v. Allstate Ins. Co.*, No. 19-CV-7150 (JMA) (JMW), 2022 WL 3928727, at *5 (E.D.N.Y. Aug. 10, 2022) (recommending plaintiff's motion for default judgment be denied where "notably absent from Plaintiff's motion [was] the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment"), *report and recommendation adopted*, 2022 WL 3914981 (E.D.N.Y. Aug. 31, 2022). Indeed, "[t]he fact that the certificates of default and the Complaint 'may be found electronically, scattered on the docket, does not absolve [plaintiff] of [his] obligation to collect and append copies to [his] moving papers.'" *Koutlakis v. C P Grill Corp.*, No. 19-CV-1669 (DLI) (CLP), 2023 WL 7000847, at *3 (E.D.N.Y. July 12, 2023) (alterations in original), *report and*

19

*recommendation adopted* Dkt. Entry dated August 25, 2023); *Rhoden v. Mittal*, No. 18-CV-6613 (LDH) (SJB), 2020 WL 13664671, at *2 (E.D.N.Y. Jan. 3, 2020) ("Failure to comply with the requirements Local Rule 55.2 is a basis to deny a motion for default judgment").

Accordingly, Plaintiff's failure to comply with Local Civil Rule 55.2 warrants denial of Plaintiff's motion for default judgment, without prejudice to renewal.

## V.    Liability and Damages

As noted above, Plaintiff has failed to comply with the Local Civil Rules in connection with his motion for default judgment.  Should the Court adopt this Report and Recommendation and should Plaintiff seek to file a renewed motion for default judgment, Plaintiff shall address the bases for liability for each of Plaintiff's five claims against Defendant.

Further, [w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.  "Rather, the Court must be satisfied that Plaintiff has met the burden of proving damages to the Court with reasonable certainty." *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (cleaned up).  A plaintiff may submit documentary evidence or detailed affidavits to support their damages claim. *Chen*, 2023 WL 2583856, at *14.

In a renewed motion for default judgment, Plaintiff must include submission of documentation sufficient to support Plaintiff's claim for damages as part of his motion for default judgment, which he failed to do in the present motion.  The Court recognizes that Plaintiff seeks "[a] 'sum certain' is a sum which is susceptible to reliable computation or determined by the court after an accounting." *Ins. Co. of N. Am. v. S/S Hellenic Challenger*, 88 F.R.D. 545, 548 (S.D.N.Y. 1980).  But Plaintiff's estimated damages does not appear to fit this definition. *See Miller v. Cnty.*

*of Erie*, No. 17-CV-00928W(F), 2019 WL 1244196, at \*2 (W.D.N.Y. Feb. 27, 2019) (noting that the plaintiff's civil rights case required plaintiff to apply to the court for entry of a default judgment, because the damages he sought were not for a "sum certain"), *report and recommendation adopted*, 2019 WL 1243680 (W.D.N.Y. Mar. 18, 2019).

## VI.    <u>Conclusion</u>

Accordingly, for the reasons set forth above, this Court respectfully recommends that Plaintiff's motion for default judgment be denied, without prejudice to renew.  A copy of this Report and Recommendation is being electronically served on counsel.  This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant by January 7, 2025.  Plaintiff shall file proof of service by January 7, 2025.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Amon.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. Nov. 15, 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:        Brooklyn, New York
              January 6, 2025

                                        **SO ORDERED.**

                                          */s/ Joseph A. Marutollo*
                                         JOSEPH A. MARUTOLLO
                                         United States Magistrate Judge